U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

JUN 06 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Randy K. Maturin            Civil Action No. 614-CV-00603

Versus            Judge Richard T. Haik, Sr.

Commerce & Industry Insurance            Magistrate Judge C. Michael Hill
Co., et al

**MEMORANDUM ORDER**

Before the Court is plaintiff, Randy K. Maturin's, unopposed Motion To Remand this matter to the 16th Judicial District Court for the Parish Of St. Mary, State Of Louisiana, pursuant To 28 U.S.C. § 1447. [Rec. Doc. 16]. For the reasons that follow, plaintiff's motion will be granted.

*I. Background*

On April 3, 2012, Randy K. Maturin filed suit against O.C.I., LLC and D&L Salvage, LLC (hereinafter "OCI" and "D&L" respectively) in the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana. [Rec. Doc. 2, at 2-6]. Maturin, alleging status as a Jones Act seaman, brought claims of negligence under the Jones Act, § 46 U.S.C. 30104, unseaworthiness under the general maritime laws and, alternatively, claims of vessel negligence pursuant to 33 U.S.C. § 905(b) of the Longshore and Harbor Workers' Compensation Act. [Rec. Doc. 2, at 2-6]. D&L was served with the petition on April 5, 2012 and OCI was served on April 9, 2012. [Rec. Doc. 2, at 14-18].

On or about January 9, 2014, Maturin obtained leave and filed a First Amended and Supplemental Petition for Damages, making additional defendant of Certain

1

Underwriters at Lloyd's London subscribing to policy no. B0506M08PP06640, issued through the offices of Osprey Underwriting Agency Limited (hereinafter "Underwriters at Lloyd's"). [Rec. Doc. 2, at 58-63]. Via the Louisiana Long-Arm Statute, L.A. R.S. 13:3201, *et. seq,* Underwriters at Lloyd's was served with process and citation through Mendes & Mount of New York on January 22, 2014. [Rec. Doc. 2, at 72-73]

On March 20, 2014, Underwriters at Lloyd's filed a Notice of Removal pursuant to 28 U.S.C. §1446, and 9 U.S.C. § 201 and § 205. 9 U.S.C. §201 and § 205 relate to the enforcement of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1948 and authorize the removal by the defendant at any time before trial a state action that relates to an arbitration agreement or award that falls under the Convention. [Rec. Doc. 2, at 88-91]. A removal order was entered by the Court on March 25, 2014. [Rec. Doc. 5].

Maturin, on April 10, 2014, filed a Notice of Dismissal pursuant to Rule 41(a)(1)(A)(i). [Rec. Doc. 14]. On April 11, 2014, the Court entered an Order of Partial Dismissal, dismissing Underwriters at Lloyd's without prejudice. [Rec. Doc. 15].

Maturin now moves to remand the case to state court, asserting the party with the basis for removal, Underwriters at Lloyd's, is no longer a party to the litigation. [Rec. Doc. 16]. Plaintiff argues the removal is procedurally defective since the deadline for OCI and D&L to remove the case has long passed and the matter should be remanded pursuant to 28 U.S.C. § 1447. *Id.*

*II. Standard*

In order to remove a civil action, the defendant must file a notice of removal within thirty days after receipt of a copy of the initial pleading. 28 U.S.C. § 1446. Failure to file within this time period is a procedural defect warranting remand. *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991); *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, 1994 WL 673413, at *1 (E.D. La. Dec. 2, 1994); *Howard v. Nw. Airlines, Inc.*, 793 F. Supp 129, 131 (S.D. Tex. 1992). If the plaintiff wishes to file a motion to remand, on a basis other than subject matter jurisdiction, it must be made within thirty days after the notice of removal is filed. 28 U.S.C. 1447(c). On a motion to remand, the removing party bears the burden of showing there is federal jurisdiction. *Harrold v. Liberty Ins. Underwriters, Inc.*, 2014 WL 688984, at *2 (M.D. La. Feb. 20, 2014). Any doubts concerning removal are resolved in favor of remand. *Id.*

Jones Act claims are generally not removable from state court. *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995) (explaining a "defendant[] may pierce the pleadings to show the Jones Act claim has been fraudulently pleaded to prevent removal"). Until recent amendments to 28 U.S.C. § 1441, general maritime law claims among non-diverse parties were not removable. *Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003) (reasoning under the 28 U.S.C. § 1441(b) language (before the 2011 amendments) general maritime claims were "any other such action" that was only removable if "none of the... defendants is a citizen of the state in which the suit was brought."). Acting on the amendments, some Louisiana district courts have ruled non-diverse parties can remove general maritime law claims. *Harrold*, 2014 WL 688984, at *4 (explaining the amendments to 28 U.S.C. § 1441(b) removed the previously relied upon language making

3

it so nothing in 28 U.S.C. § 1441 precludes removal of a general maritime claim); *Bridges v. Phillips 66 Co.*, 2013 WL 6092803, at *5 (M.D. La. Nov. 19, 2013) (same). The Fifth Circuit has yet to rule on how the new language in 28 U.S.C § 1441(b) affects removal in general maritime cases. *Id; But See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 223 (5th Cir. 2013) (dicta) (reasoning the amendments in 1441(b) show Congress only meant the diversity requirement to apply to cases removed on the basis of diversity jurisdiction).

A plaintiff may voluntarily dismiss a claim without prejudice under Rule 41(a)(1)(A)(i) if the notice of dismissal is given before the opposing party serves either an answer or a motion for summary judgment. FED. R. CIV. P. 41(a)(1)(A)(i). The effect of the voluntary dismissal is to put the plaintiff in the same position as if the claim had never been filed. *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 322-24 (5th Cir. 2005) (allowing the plaintiff to voluntarily dismiss their case and re-file in Louisiana state court despite their case previously being removed to federal court).

*III. Analysis*

OCI and D&L are non-diverse parties.[1] Previously, Maturin's Jones Act and general maritime law claims would not have been removable. *Morris*, 344 F.3d at 444. However, recent amendments to § 1441(b) have been interpreted by some district courts in Louisiana to allow non-diverse parties to remove a general maritime law claim. *Harrold*, 2014 WL 688984, at *4; *Bridges*, 2013 WL 6092803, at *5.

---

[1] D&L Salvage, L.L.C.'s registered domicile address with the Louisiana Secretary of State is 255 Terminal Lane, Franklin, LA 70538, and O.C.I., L.L.C.'s registered domicile address with the Louisiana Secretary of State is 2975 Durphy Road, Abbeville, LA 70510. [Rec. Doc. 2, at 3].

Plaintiff contends, even assuming OCI and D&L could remove the case, it should be remanded because the parties missed their removal window. 28 U.S.C. § 1446. D&L was served with the original petition on April 5, 2012, and OCI was served the original petition on April 9, 2012. [Rec. Doc. 2, at 14-18]. Accordingly, the latest the parties could have filed a Notice of Removal would have been May 9, 2012, thirty days after being served with the original petition. 28 U.S.C. § 1446; [Rec. Doc. 2, at 14-18]. Neither OCI nor D&L has filed a Notice of Removal.

Underwriters at Lloyd's removed the case pursuant to 28 U.S.C. § 1446 and 9 U.S.C. § 201 and § 205, which gave the court federal question, subject-matter jurisdiction. [Rec. Doc. 1]. On April 11, 2014, Underwriters at Lloyd's was voluntarily dismissed under Rule 41(a)(1)(A)(i). [Rec. Doc. 15]. A voluntary dismissal under Rule 41(a)(1)(A)(i) makes it as if Maturin never filed suit against Underwriters at Lloyd's. *Harvey Specialty & Supply, Inc.*, 434 F.3d at 324. Thus, Underwriters at Lloyd's basis for removal no longer exists. Accordingly, for the case to be in federal court, OCI or D&L would have to file a notice for removal. As previously stated, the last date OCI and D&L could have removed the case would have been May 9, 2012, thirty days after being served with the initial petition. 28 U.S.C. § 1446; [Rec. Doc. 2, at 14-18]. Failure to file within this time frame was a procedural defect warranting remand. *In re Shell Oil Co.*, 932 F.2d at 1522; *Sea Robin Pipeline Co.*, 1994 WL 673413, at *1; *Howard*, 793 F. Supp. at 131.

Maturin's motion to remand is timely. The removal was ordered March 25, 2014, and Maturin filed this motion to remand less than thirty days later on April 17, 2014. 28 U.S.C. § 1447; [Rec. Doc. 1, 16].

As to plaintiff's contention that the Court should remand this action because neither OCI nor D&L filed a notice of removal, the Court agrees. Accordingly,

**IT IS ORDERED** that plaintiff's, Randy K. Maturin, Motion to Remand is **GRANTED.** [Rec. Doc. 16].

Thus done and signed on this 2nd day of June, 2014 at Lafayette, Louisiana.

Richard T. Haik, Sr.
U.S. District Judge